UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WEAVER,

    Petitioner,

v.

    Case No. 1:19-cv-127

JOHN CHRISTIANSEN,

    HON. JANET T. NEFF

    Respondent.

_____/

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

---

[1] Petitioner, who was in custody at the time he filed this petition, has since been released on parole. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=182171 (last visited 11/23/2021). The Court determines that his release does not render the petition moot, given the collateral consequences that flow from a criminal conviction. *See Gentry v. Deuth*, 456 F.3d 687, 693-95 (6th Cir. 2006); *Green v. Arn*, 839 F.2d 300, 302 (6th Cir. 1988).

Petitioner presents eight grounds for review. The Magistrate Judge determined that the grounds were "meritless" and therefore recommends that this Court deny the petition (R&R, ECF No. 59 at PageID.2097). In his objections to the Report and Recommendation, Petitioner disagrees with the Magistrate Judge's analysis of "each and every" one of his claims (Pet'r Obj., ECF No. 60 at PageID.2132).

First, with regard to his claim of unlawful pretrial detention, Petitioner argues that the Magistrate Judge merely "parrots back the Court of Appeal['s] fallacious 'ruling'" (Pet'r Obj., ECF No. 60 at PageID.2134). According to Petitioner, the trial court did not cancel his bond in response to his missed court date; rather, the trial court "arbitrarily" cancelled his bond "by fiat" (*id.*). Petitioner's objection fails to demonstrate any legal error in the Magistrate Judge's conclusion that his claim, even if true, "offers no ground for habeas relief" (R&R, ECF No. 59 at PageID.2107). As the Magistrate Judge concluded, this Court can no longer remedy Petitioner's pretrial detention "even if it were unlawful" (*id.*).

Second, with regard to his ineffective-assistance-of-counsel claim, Petitioner argues that the Magistrate Judge failed to address the numerous instances of ineffective assistance that he set forth in his brief, instances that Petitioner opines resulted in being "forced" to enter a guilty plea (Pet'r Obj., ECF No. 60 at PageID.2134-2135). Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly determined that where Petitioner was permitted to withdraw his plea, Petitioner demonstrated no error in the conclusion of the court of appeals that he had not shown "any prejudice resulting from his counsel's alleged efforts to coerce a guilty plea" (R&R, ECF No. 59 at PageID.2109-2110). As the Magistrate Judge pointed out, even if a court determines that an attorney's performance was objectively unreasonable, the defendant is not entitled to relief if

counsel's error had no effect on the outcome (*id.* at PageID.2109, citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).

Third, with regard to his claim of judicial bias, Petitioner delineates the instances of judicial bias that he claims deprived him of a fair trial (Pet'r Obj., ECF No. 60 at PageID.2135-2136). Petitioner does not reference the Magistrate Judge's analysis of his claim, let alone demonstrate any error therein. In any event, the Court determines, as did the Magistrate Judge (R&R, ECF No. 59 at PageID.2112), that the instances Petitioner describes concern merely the trial judge's judicial rulings in Petitioner's criminal proceedings, not opinions derived from an extrajudicial source. *See generally Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Fourth, Petitioner argues that the Magistrate Judge failed to properly address the fact that he was deprived of a hearing and a fully developed factual record regarding the substitution of counsel issue (Pet'r Obj., ECF No. 60 at PageID.2136-2139). The Magistrate Judge extensively considered Petitioner's fourth claim (R&R, ECF No. 59 at PageID.2112-2116). The Magistrate Judge determined that the "court of appeals' factual determinations regarding the showing Petitioner made at the pretrial conferences is well-supported by the record," and the Magistrate Judge concluded that the "court of appeals' determination that Petitioner's showing did not warrant substitution of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law" (*id.* at PageID.2116). Petitioner's objection demonstrates his disagreement with the Magistrate Judge's analysis, but his submission fails to demonstrate any factual or legal error in her conclusion that Petitioner is not entitled to habeas relief on this claim.

Fifth, Petitioner briefly indicates that he cannot make sense of the Magistrate Judge's conclusion that the prosecutor's use of his "silence" does not constitute misconduct (Pet'r Obj.,

ECF No. 60 at PageID.2139-2140). After setting forth the rules governing an individual's Fifth Amendment privilege against self-incrimination, the Magistrate Judge determined that these rules were not implicated in this case for the simple reason that "Petitioner did not remain silent" (R&R, ECF No. 59 at PageID.2119-2120). Petitioner's submission fails to demonstrate any factual or legal error in the Magistrate Judge's conclusion that he is not entitled to habeas relief on this claim.

Sixth, Petitioner briefly indicates that he also does not understand how the Magistrate Judge can "argue against the facts" surrounding his claim that the trial court improperly participated in plea bargaining and was vindictive in sentencing (Pet'r Obj., ECF No. 60 at PageID.2140-2141). Regarding Petitioner's judicial participation argument, the Magistrate Judge concluded that "[i]t is not the province of a federal habeas court to re-examine state-law determinations on state-law questions" (R&R, ECF No. 59 at PageID.2122). The Magistrate Judge concluded that Petitioner had also "failed to show that the state appellate court's rejection of his vindictiveness claim is contrary to, or an unreasonable application of, clearly established federal law" (*id.* at PageID.2123). While Petitioner's submission serves to demonstrate his disagreement with the result, his argument fails to demonstrate any legal error in either of the Magistrate Judge's conclusions.

Seventh, Petitioner claims that the Magistrate Judge's analysis of his claim related to his motion to suppress is "flawed" because the analysis ignores that "altered evidence was used" (Pet'r Obj., ECF No. 60 at PageID.2141-2143). Applying the two-prong standard from *Stone v. Powell*, 428 U.S. 465 (1976), the Magistrate Judge determined that review of Petitioner's motion-to-suppress claim was barred where (1) "it is beyond dispute that Michigan has a state procedural mechanism that presents a defendant a full opportunity to raise a Fourth Amendment claim before trial," and (2) "Petitioner has not alleged any facts showing that the state's mechanism has broken

down" (R&R, ECF No. 59 at PageID.2123-2125). As the Magistrate Judge pointed out, even if this Court were to find the Michigan courts committed egregious error in deciding Petitioner's motion, such error would be insufficient to satisfy the second prong (*id.* at PageID.2125). Petitioner's argument again fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Last, Petitioner reiterates his argument that his sentence was disproportionate (Pet'r Obj., ECF No. 60 at PageID.2143-2144). Petitioner does not address the Magistrate Judge's conclusion that his claims are not cognizable grounds for habeas relief (R&R, ECF No. 59 at PageID.2125-2127).

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue presented.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 60) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 59) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  December 2, 2021                                         /s/ Janet T. Neff
                                                                                   JANET T. NEFF
                                                                                   United States District Judge